THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHN KRAMER,<br><br>    *Plaintiff,*<br><br>v.<br><br>MANGO LABS, LLC, DAFYDD DURAIRAJ, and TYLER SHIPE<br><br>    *Defendants*. | CIVIL No.: 3:24-cv-01469-GMM |

## TEMPORARY RESTRAINING ORDER

THIS MATTER, having come before the Court on the Urgent Motion for a Temporary Restraining Order and Preliminary Restraining Order by Plaintiff John Kramer (by and through his counsel Francisco E. Colón-Ramírez, Esq.) pursuant to 18 U.S.C. § 1030(g) and Fed. R. Civ. P. 65(a) and (b); and the Court having considered the Verified Complaint, Exhibits and the Memorandum of the Plaintiff; and it appearing that there a likelihood of success on the merits in that it appears that the Plaintiff has established that the defendants have wrongfully converted his property and/or the Plaintiff has established that it is more likely than not that the defendants have violated 18 U.S.C. § 1030(a)(4) and (b) and the Plaintiff has suffered, and continues to suffered damage, as a result of the violations; and it appearing that the Plaintiff will suffer immediate and irreparable harm without the issuance of preliminary relief; and it appearing that the balance of the hardships weigh in favor of the Plaintiff; and it appearing that the public interest is served; and for good cause,

IT IS ON THIS THE FINDING OF THIS COURT THAT the Plaintiff has preliminarily established that:

1. Mango DAO is an unincorporated organization that calls itself a DAO, and it is composed of holders of MNGO tokens ("members"). As a general rule, the more MNGO tokens a token holder has, the more voting power he or she has to vote on governance matters in the MANGO DAO.

2. The Mango DAO was organized to be the governing body of Mango Markets ("Markets"), a crypto trading and lending platform. The DAO also holds a considerable treasury, currently approximately $45 million in a variety of cryptocurrencies.

3. The Plaintiff is the holder of a substantial amount of tokens.

4. Defendant Mango Labs LLC is a single member Wyoming Limited Liability company whose sole member is defendant is Dafydd Durairaj.

5. Defendants Mango Labs LLC, Dafydd Durairaj and Tyler Shipe all have a substantial amount of MNGO tokens.

6. On October 1, 2024, a final judgment and permanent restraint was entered in *U.S. Securities and Exchange Commission v. Mango Labs*, LLC, Case no. 1:24-cv-07334 (S.D.N.Y). Defendant Mango Labs, LLC was ordered, among other things, to pay a fine of $111,614.00 and to "burn" all of its MNGO tokens by October 11, 2024, that is, within 10 days of the Final Judgment. (To "burn" a token is, to put it simply, to dispose of a token so that it no longer exists or can no longer be used, and if an MNGO token holder "burns" all their MNGO tokens, they necessarily are no longer a member of Mango DAO).

7. Defendant Mango Labs, LLC had a digital wallet into which transfers of digital assets from the Mango DAO were routinely made to, and for the benefit of, defendant Mango Labs, LLC. Mango Labs, LLC has claimed before the Court that it owns this digital wallet (the "2CC Wallet") in *Mango Labs v. Kramer, et al.*, 24-cv-01469 (D.P.R.).

8. Despite the October 1, 2024 Final Judgment entered in the SEC Action, Defendant Labs's 2CC Wallet currently holds over 93 million MNGO tokens.

9. About three years ago, the Mango DAO voted to establish an "Upgrade Council", and vested in them the authority to control upgrades of the software. Any action required a majority vote of seven members, each of which were provided a special single digital token allowing them to vote on the upgrade council.

10. Defendant Shipe was one of the seven members of the Upgrade Council.

11. Another one of these special Upgrade Council Tokens was transferred into Mango Labs, LLC's 2CC Wallet. As Mango Labs, LLC's sole owner is defendant Durairaj, he has sole control over this entity and its actions.

12. Wallets with a signatory token in them can sign transactions of the Upgrade Council multi-sig, and the Upgrade Council multi-sig can be used to authorize almost any change to the software used for Mango DAO governance.

13. Despite the October 1, 2024 Final Judgment entered in the SEC Action, Defendant Labs's 2CC Wallet currently holds over 93 million MNGO tokens including the special Upgrade Council signatory token, all of which it was required to destroy by October 11, 2024 by U.S. District Court Order.

14. Between December 6, 2024 and December 9, 2024, four of the seven Upgrade Council resigned and "burned" their special Upgrade Council signatory tokens. This left only three members on the Upgrade Council.

15. Plaintiff subsequently made a proposal to the Mango DAO to replace the four resigned members.

16. On December 11, 2024, Defendant Durairaj, acting on behalf of Defendant Labs, and Defendant Shipe, who were two of the three remaining Upgrade Council signatories, announced that the Upgrade Council took two actions: (1) freezing and nullifying Plaintiff's tokens "until a settlement or court order requires their release;" and, (2) granting a wallet controlled by Defendant Durairaj, eight times more voting power than it is entitled to under normal governance measures.

17. This action far exceeded the use for which the Upgrade Wallet was authorized, and was made without the requisite members.

18. This action could only have been accomplished through the use of digital tokens that a U.S. District Court has previously Ordered to be destroyed.

19. This action has deprived, and continues to deprive, the Plaintiff of the use, enjoyment and voting power of his property.

20. The Plaintiff has established that there is a likelihood of success on the merits of establishing that the defendants, and each of them, have violated 18 U.S.C. § 1030(a)(4) and (b), in that the defendants have knowingly, and with the intent to defraud without authorization, and/or exceeded their authorized access, to a protected computer that is used in or affecting interstate commerce to obtain a thing of value, i.e., the Plaintiff's digital assets.

21. The Plaintiff has established that there is a likelihood of success on the merits of establishing that the defendants have committed conversion of the Plaintiff's digital assets.

22. This action appears to have substantially benefited defendants Durairaj and Shipe, and has increased the value of their own digital assets at the expense of the Plaintiff's.

23. The Plaintiff has been damaged, and continues to be damaged, by the defendants' actions, and it appears that other members of the Mango DAO have been damaged and continue to be damaged by the defendants' actions.

24. The Plaintiff has suffered, and will continue to suffer, immediate and irreparable harm in that the defendants have denied the Plaintiff's ability to vote with his tokens or otherwise participate in the governance of the Mango DAO. Additionally, with the added voting power that the defendants have given themselves, the defendants have the ability to immediately liquidate the Mango DAO's treasury, which currently has about $45 million in digital assets, little of which could be recoverable.

25. Without immediate injunctive relief returning the parties to the *status quo ante*, the plaintiff, and other members of the Mango DAO, will continue to suffer irreparable harm and the real potential of irreparable harm.

26. Temporary injunctive relief is in the public interest, as it returns the parties to the *status quo ante*, ceases an apparent violation of federal law, and forces Mango Labs, LLC to comply with a U.S. District Court Order. Accordingly, it is in the public's best interest.

27. The balance of the hardships weighs heavily in favor of the Plaintiff, as returning the parties to the *status quo ante* is in the best interests of the Plaintiff and will not harm the defendants.

28. Plaintiffs' counsel has been in touch with Michael Burshteyn, Esq., who has stated that he and Rafael Yakobi, Esq. will represent the defendants in this action. Attorney Burshteyn has indicated that he is aware of the Plaintiff's motion for a Temporary Restraining Order and are prepared to oppose it. Attorney Burshteyn currently represents one of the defendants in this Court in a related matter against the Plaintiff. Given that defendants' counsel has been placed on notice and has acknowledged the motions, along with the

5

immediate and irreparable harm that is ongoing and might occur, the issuance of a TRO under Fed. R. Civ. P. 65(b)(1) is warranted.

NOW THEREFORE, it is on the _____ Day of December, 2024, at _____ o'clock, a.m./p.m.,

ORDERED that defendants DAFYDD DURAIRAJ, TYLER SHIPE and MANGO LABS, LLC be and hereby are, ORDERED to IMMEDIATELY take such actions to rescind the December 11, 2024 actions of the Upgrade Council and to IMMEDIATELY restore all rights, privileges and benefits of all digital MNGO tokens owned or controlled by JOHN KRAMER;

IT IS FURTHER ORDERED that defendants DAFYDD DURAIRAJ, TYLER SHIPE and MANGO LABS, LLC be and hereby are, RESTRAINED and ENJOINED from any further acts or conduct that impairs or interferes with Plaintiff's use, enjoyment or disposition of assets, including but not limited to, Plaintiff's MNGO Tokens;

IT IS FURTHER ORDERED that defendants DAFYDD DURAIRAJ, TYLER SHIPE and MANGO LABS, LLC be and hereby are, RESTRAINED and ENJOINED from violating federal law, and specifically, 18 U.S.C. § 1030, and from violating, or participate in violating, any Oder from a U.S. District Court, including, but not limited to, the final Order in *U.S. Securities and Exchange Commission v. Mango Labs*, LLC, Case no. 1:24-cv-07334;

IT IS FURTHER ORDERED that this Order shall apply to defendants DAFYDD DURAIRAJ, TYLER SHIPE and MANGO LABS, LLC, their officers, servants, agents or employees, and anyone acting in concert with the them; and

IT IS FURTHER ODERED that the Parties shall appear personally or virtually before this Court at _____ a.m./p.m. on the _____ day of January, 2025 for a Preliminary Injunction.

                                               _____
                                               HON. GINA R. MENDEZ-MIRO
                                               U.S. District Judge
                                               District of Puerto Rico