### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

**JOHN KRAMER**
   Plaintiff,

v.

**MANGO LABS, LLC, ET AL.,**
   Defendants.

CIVIL NO. 24-1587 (GMM-MDM)
CIVIL NO. 24-1469 (GMM-MDM)
(related case)

## MINUTE

On March 12, 2025, at 9:30AM, the undersigned held a Settlement Conference at the off-site location of Piloto 151, located at 1250, Ponce de León Avenue, in Santurce, PR. During the conference, the parties were represented by their respective counsel Jill Williamson and William J. Hughes for plaintiff and Carlos J. Andreu-Collazo, Michael Bursthteyn, and Rafael Yakobi (by VTC) for defendants. Also present during the conference was the plaintiff, Mr. John Kramer, defendants Dafydd Durairaj and Tyler Shipe as well as additional Counsel for Mr. Kramer, Ms. Keiko Yoshino.

The conference began with the parties bringing the Court up to speed on the status of any settlement discussions that have taken place thus far. They also jointly explained to the Court the procedural and factual history behind the current litigation. They explained that Mango Labs, LLC ("Mango Labs") originally filed suit against Mr. John Kramer and Maximilian Schneider in Civ. No. 24-1469 (GMM) (a related case to this one) alleging a variety of causes of action, including breach of fiduciary duty, violation of Puerto Rico's Article 1802, fraud and misrepresentation, and unjust enrichment. They also explained that instead of filing a counter claim against Mango Labs, in 24-1469 (GMM), Mr. Kramer filed a separate but related lawsuit against Mango Labs that was assigned Civ. No. 24-1587 (GMM) (the instant case). Mr. Kramer's lawsuit against Mango Labs, is in the nature of a counter claim against Mango Labs, and seeks a temporary restraining order, a preliminary and permanent injunction as well as compensatory and punitive damages for purportedly interfering with and impairing the disposition of Mr. Kramer's assets (a form of cryptocurrency known as "tokens").

After discussing the procedural history of the two cases, the parties explained to the Court in general terms the nature of the overall controversy. The Court then noted that depending upon how the discussions went during the settlement conference, the undersigned might have to consider recusing himself from presiding over the preliminary injunction hearing. The parties indicated that they understood the Court's concern, nevertheless they jointly said that they believed that the settlement conference could continue with little to no discussion of the controverted facts.

The Court then separated each party into a different conference room and the Court shuttled between conference rooms to discuss settlement. After spending approximately 9 hours talking with the parties, the Court notes that they came extremely close to reaching an agreement

to settle both related cases. Unfortunately, however, the Court was forced to declare an impasse. After declaring an impasse, the Court found that although it met separately with each party, there was no discussion of the facts of the case beyond that which might have been included in the pleadings. For that reason, the undersigned found no impediment to his continuing to preside over the preliminary injunction hearing to be scheduled.

At the close of the conference, the parties were reminded by the Court to keep the door open to a possible settlement later in the case. In the meantime, however, the parties jointly represented to the Court that they felt that there was no way to avoid the holding of a preliminary injunction hearing in this case. The parties were advised that if they felt that a further settlement conference would be helpful, they may request the appropriate relief from the Court. The undersigned will separate three days during the month of May, 2025 for the holding of a preliminary injunction hearing. Those dates will be notified by separate order.

Conference began at 9:30AM                                  s/Marshal D. Morgan
Conference ended at 6:30PM                                  MARSHAL D. MORGAN
                                                            United States Magistrate Judge