THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHN KRAMER, *Plaintiff,* v. MANGO LABS, LLC, DAFYDD DURAIRAJ, and TYLER SHIPE *Defendants*. | CIVIL No.: 3:24-cv-01587 JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 65(a)(2) TO CONSOLIDATE THE PRELIMINARY INJUNCTION HEARING WITH A TRIAL ON THE MERITS OR TO OTHERWISE PRESERVE ADMISSIBLE EVIDENCE FOR THE TRIAL RECORD**

**COMES NOW**, Plaintiff John Kramer, by and through the undersigned counsel, who respectfully opposes the Defendants' motion for leave to file a sur-opposition (ECF No. 160) in response to the Plaintiff's reply in support of its motion to consolidate the preliminary injunction hearing with a trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2) or to otherwise make a part of the final trial record admissible evidence that has been received during the preliminary injunction hearing. (ECF No. 131). The Plaintiff states as follows:

1. The Defendants' motion to file a sur-opposition relies upon Loc. R. Civ. P. 7(d), but they only cite to the first part of the Rule. In its entirety, the Rule reads:

   Parties shall not file or request leave to file a surreply unless the reply raises new arguments not previously presented in the movant's opening motion. ***Any portion of the surreply which does not strictly comply with this limitation shall be stricken from the record.*** If allowed, the surreply shall not exceed ten (10) pages.

   *Id.* (emphasis added).

2. The Defendants have based their motion on the premise that "Plaintiff's Reply includes several arguments and issues that Plaintiff did not include in his Motion to Consolidate, to which Defendants should have the opportunity to respond." *Def. Brf. In Support of Sur-Reply*, ECF No. 160, at ¶ 9. This is not accurate. Attached as **Exhibit 1** is a chart containing each of the Defendants' claims of new arguments and issues listed in their instant motion (ECF No. 160), compared with the relevant portions of the Plaintiff's moving brief (ECF No. 131) and the Defendants' Opposition (ECF No. 148). It is respectfully submitted that in each instance, the "arguments and issues" addressed in the Plaintiff's reply were both raised in his original motion ***and*** directly responding to an argument or factual assertion made by the Defendants in their opposition brief.

3. Defendants also claim that "Plaintiff then raises inflammatory arguments about an unrelated case, accusing Defendants of misrepresenting the judgment and the import of an exhibit", and they wish to respond. As shown on **Exhibit 1**, Plaintiff's Reply brief only responds to the Defendant's unequivocal statement that the "The SEC was aware of and condoned the allocation of funds. (Ds' Ex. I.)." *Def. Brf in Opposition to Mtn to Consolidate*, ECF No. 148, at page 16. It is respectfully submitted that this is the primary reason for the Defendants' motion and that no further briefing on this issue is warranted. If, however, the Court wishes to provide the Defendants with the opportunity to "clarify" the Defendants' unequivocal statements that attorneys from the U.S. Securities and Exchange Commission knew and condoned the Mango DAO's payment of Defendant Mango Labs, LLC's SEC fines, contrary to the express terms of a U.S. District Court Final Judgment, then the Court should also take judicial notice that within civil action 24-7334 filed by the SEC before the Southern District of New York against Mango Labs, LLC,

Mango DAO and Blockworks Foundation, Mango Labs, LLC (and Mango Labs LLC ONLY) moved to set aside the settlement and ensuing judgment entered on October 1, 2024. See **Exhibits 2, 3 and 4**. The SEC in turn opposed Mango Lab's motion on August 28, 2028. See **Exhibits 5 and 6**. Plaintiff is willing to further brief the Court, if it deems it necessary, as to the significance and probative value of Mango Lab's motion to set aside the settlement and judgment. *See, e.g.*, *ML-CFC 2007-6 Puerto Rico Props., LLC v. BPP Retail Props. LLC*, No. 17-cv-1199 (RAM), 2022 WL 2314558, at *9 & n. 5 (D.P.R. June 28, 2022) (Morgan, U.S.M.J.), report and recommendation adopted as modified sub nom., 2022 WL 2901739 (D.P.R. July 22, 2022).

**WHEREFORE,** for the reasons set forth herein, it is respectfully submitted that the Court should deny the Defendants' motion to file a sur-reply.

I HEREBY CERTIFY that I have uploaded a pdf version of this document to the Court's CM/ECF system, which will send notice of its filing electronically to all parties of record, through their counsel of record.

In San Juan, Puerto Rico, this 5th day of September of 2025.

    Respectfully submitted,

    **/S WILLIAM J. HUGHES, JR.**
    William J. Hughes, Jr., Esq.
    Bar No: 310103
    E-Mail wjhughes@pbnlaw.com

    **PORZIO BROMBERG & NEWMAN, P.C.**
    100 Southgate Parkway
    Morristown, NJ  07962
    Tel.: 973-889-4308

    **S/ FRANCISCO E. COLÓN-RAMÍREZ**
    Francisco E. Colón-Ramírez, Esq.
    Bar No.: 210510
    E-mail: fecolon@colonramirez.com

**COLÓN RAMÍREZ LLC**
PO Box 361920
San Juan, PR 00936-1920
Tel.: (888) 223-2364
Fax: (787) 425-4731

*Attorneys for Plaintiff*